UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL O. HALE,<br><br>    Plaintiff,<br><br>    v.<br><br>ENGLISH, ANGLE, MORGAN, GILBERT, EAKINS, MYERS, WELLS, DALTON HANEY, KUENZLI, KIM MYERS, PARTAIN, BREATON, PERKINS, CARPENTER, INDIANA DEPT OF CORRECTIONS, CENTURION HEALTH SERVICES, MONTEZ, KROTO, and ARAMARK FOOD SERVICES,<br><br>    Defendants. | CAUSE NO. 3:25-CV-844-HAB-ALT |

OPINION AND ORDER

Michael O. Hale, a prisoner without a lawyer, filed a preliminary injunction motion asking the court to order that he be transferred to a different prison and given cortisone injections in his left shoulder and gabapentin for shoulder and spinal pain. ECF 3. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Unlike when evaluating the allegations in a complaint to determine whether they state a claim for permanent injunctive relief, in assessing the merits of a claim for a preliminary injunction, the court does not have to simply "accept [the plaintiff's] allegations as true" or "give

him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

Hale alleges he has been repeatedly attacked and seriously injured by other inmates. He also states he is being held in segregation. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In segregation, Hale is separated from other inmates and therefore unlikely to be attacked or suffer irreparable harm.

With the preliminary injunction motion, Hale attached a fax sheet dated June 4, 2024, from Dr. Yahuaca to Dr. Liaw which recommended Gabapentin for pain. ECF 3-2 at 2. In the complaint, Hale alleges Dr. Kuenzli prescribed Tramadol for pain on July 20, 2025. ECF 1 at 25. Hale now wants the court to order Dr. Partain to give him Gabapentin. *Id*. at 26.

> Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations. A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

*Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (quotation marks and citation omitted). Merely because one doctor recommended Gabapentin more than a year ago is not a basis for a preliminary injunction.

Hale also attaches a medical record prepared by Dr. Yahuaca dated May 29, 2024, suggesting Hale's shoulder injury be conservatively treated with a corticosteroid injection. ECF

2

3-2 at 3. Hale now wants the court to order Nurse Practitioner Kim Myers to give him this injection more than a year after it was recommended. ECF 1 at 28. It is unclear why he did not get it sooner, but it is equally unclear whether it is even an appropriate treatment at this time. Based on his filings, Hale has not made the case for a preliminary injunction. This motion will be denied.

Hale's complaint has unrelated claims. ECF 1. "[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In paragraphs 1-27 on pages 7-29, Hale raises failure to protect and seemingly related denial of medical treatment claims. In paragraph 28 on pages 30-31, Hale raises property and conditions of confinement claims. In paragraph 29 on pages 32-33, he raises food/religious diet claims. When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Hale needs to file an amended complaint containing only related claims. He must use the court's complaint form as required under N.D. Ind. L.R. 7-6.[1] If he wants to pursue other claims, he must bring them in separate lawsuits.

Finally, Hale seeks to proceed in forma pauperis. ECF 2. Under 28 U.S.C. § 1915(a)(2), a prisoner must file a copy of his inmate trust fund ledger "for the 6-month period immediately preceding the filing of the complaint[.]" The ledger Hale provided shows transactions from

---

[1] The **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form is available in his prison law library.

3

November 30, 2024, through May 30, 2025. This ledger is too old. Hale must either pay the filing fee or file an in forma pauperis motion[2] with a current copy of his ledger.

For these reasons, the court:

(1) DENIES the preliminary injunction motion (ECF 3);

(2) DENIES the in forma pauperis motion (ECF 2);

(3) GRANTS Michael O. Hale until **November 5, 2025**, to resolve his filing fee status and file an amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form; and

(4) CAUTIONS Michael O. Hale if he does not respond by the deadline, this case may be dismissed without further notice.

SO ORDERED on October 8, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[2] The **AO 240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis** form is also available in his law library.